IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT WEST VIRGINIA

HUNTINGTON DIVISION

LORI L. ARCHBOLD, individually,
and on behalf of a class of similarly
situated persons,

        Plaintiff,

v.                             CIVIL ACTION NUMBER: 3:13-cv-24599

WELLS FARGO BANK, N.A.,

        Defendant.

## Final Approval Order

Pending is Plaintiff's Unopposed Motion for Final Approval of Settlement, Attorneys' Fees and Costs, and Service Award. The Court has considered Plaintiff's written submissions and has further held a final approval hearing. For the reasons that follow, the Court GRANTS Plaintiff's motion.

### I. Background

In this action, Plaintiff, on behalf of a putative class of similarly situated individuals, claimed that Defendant Wells Fargo Bank, N.A. (Wells Fargo) violated various provisions of the West Virginia Consumer Credit and Protection Act by improperly assessing and in some instances collecting attorneys' fees. In its Order preliminarily approving the settlement in this case, the Court outlined the terms of the proposed settlement. The Court adopts and incorporates herein those portions of that Order.

## II. The Settlement Merits Final Approval

### A. Notice is complete.

The Court finds that the parties have completed all settlement notice obligations imposed in the Order Preliminarily Approving Settlement, as evidenced by the report of Settlement Administrator. The class notice, which included first-class mailed notice to each class member, constitutes the "the best notice practicable under the circumstances," as required by Rule 23(c)(2).

### B. The claims process is complete.

In addition to receiving notice of the settlement, Class Members could submit claim forms in order to receive a refund of any attorneys' fees that they believed they paid. The Settlement Administrator received the following claim forms from Class Members, and after investigation, counsel has determined that the claims are due to be paid in the following amounts:

| Class Member Name | Loan Number (last 4 digits) | Approved Claim Amount |
|---|---|---|
| Earl Workman | 7695 | $550.00 |
| Wilma Fuchs | 4337 | $1,545.00 |
| Edward Centerfeit | 8376 | $450.00 |
| Christopher Curran and Larry Hallman | 6803 | $165.00 |
| Estate of Charles King | 5894 | $1,083.36 |
| Christopher and Kellie Fink | 0743 | $35.00 |
| Miranda Bosley | 7929 | $495.00 |
| Donna Shaw | 0949 | $165.00 |
| Lori Archbold | 2324 | $2,155.00 |
| Chad Gauthier | 9327 | $495.00 |

| Christie Davis | 6071 | $504.22 |
| --- | --- | --- |
| Total | | $7,642.58 |

In addition to these refunds, the Settlement Agreement provides that each of these Class Members will receive an additional payment in excess of $1,400.00.

### C. The settlement is fair, adequate, and reasonable.

"The court must approve any settlement . . . of the claims . . . of a certified class." Fed. R. Civ. P. 23(3)(1)(A). The court may do so only after a hearing and on finding that the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ.P. 23(e)(1)(C). Such approval is required to make sure that any settlement reached is consistent with the plaintiffs' fiduciary obligations to the class. *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991).

Courts considering whether to approve a proposed class action settlement may consider the following factors: (1) The extent of discovery that has taken place and the stage of the proceedings; (2) bad faith or collusion and circumstances surrounding the negotiation; (3) the experience of counsel; (4) objections from class members; (5) the relative strength of the plaintiffs' case on the merits; (6) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (7) the anticipated duration and expense of additional litigation; (8) the solvency of the defendants and the likelihood of recovery on a litigated judgment. *Henley v. FMC Corp.*, 207 F. Supp. 2d 489, 492-93 (S.D. W. Va. 2002) (citing *In re Jiffy Lube*, 927 F.2d at 158; *Flinn v. FMC Corp.*, 528 F.2d 1169 (4th Cir. 1975)); *In re Montgomery County Real Estate Antitrust Litig.*, 83 F.R.D. 305 (D. Md. 1979)). In this case, all of these factors weigh in favor of final approval.

1. **The extent of discovery and stage of proceedings.**

The parties must have engaged "in sufficient investigation of the facts to enable the court to intelligibly make an appraisal" of the fairness of a proposed class settlement. *Polar Int'l Brokerage Corp. v. Reeve*, 187 F.R.D. 108, 114 (S.D.N.Y. 1999) (internal quotations omitted). Further, pretrial negotiations and discovery must be sufficiently adversarial to show that they are not designed to justify a settlement, but an aggressive effort to move towards trial. *Id. (citing Martens v. Smith, Barney, Inc.*, 181 F.R.D. 243, 263 (S.D.N.Y. 1998)).

At the time the parties reached this settlement, they had already exchanged voluminous written discovery, engaged in motions practice, and conducted multiple mediations. Further, Wells Fargo provided class counsel with detailed information concerning class size and damages. As a result, adequate discovery and investigation had occurred to enable the parties to reach a fair settlement.

2. **Bad faith or collusion and circumstances surrounding the settlement.**

Absent evidence to the contrary, the Court should presume that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion. Newberg on Class Actions § 11.28 at 1159 (3d ed. 1992); *Polar Int'l*, 187 F.R.D. at 112 (the court must look at the negotiating process leading to settlement in order to ensure that "the compromise be the result of arms'-length negotiations and that plaintiff's counsel have possessed the . . . ability . . . necessary to effectively represent the class's interests.") (*citing Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1983)).

Here, there is no suggestion of collusion or bad faith. Instead, it appears to the Court that settlement was reached only after intense, adversarial mediation and negotiations.

### 3. The experience of counsel.

The opinion of experienced class action counsel, with substantial experience in litigation of similar size and scope, is an important consideration. "When the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight." *Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass. 2000); *see also In re Compact Disc Litig.*, 216 F.R.D. at 212 (noting that in determining fairness of settlement proposed by counsel, the court considers the experience and level of competence of class counsel).

Here, class counsel Jonathan R. Marshall and Bailey & Glasser LLP are skilled and experienced in class action litigation. Moreover, class counsel Jason Causey of Bordas & Bordas is an experienced consumer litigator. In the Court's view, the settlement is fair and reasonable, and takes into account the expected class recovery, discounted for the possibility of losing either on the merits or on other grounds, and further discounted for the possibility of the delay associated with continued litigation, trial and appeal.

### 4. Objections from Class Members.

No class member has objected to the proposed settlement. The lack of objections and opt-out requests are important factors contributing to a conclusion that the settlement is fair and reasonable. *Bussie v. Allmerica Fin. Corp.*, 50 F.Supp.2d 59, 77 (D. Mass. 1999); *see also Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974).

## 5. The relative strength of Plaintiff's case on the merits and the existence of any difficulties of proof or strong defenses the Plaintiff is likely to encounter if the case goes to trial.

The essence of any settlement is compromise. A settlement compromising conflicting positions in class action litigation serves the public interest. *See Rolland*, 191 F.R.D. at 11 (although plaintiffs' counsel originally pressed for faster changes in defendant's practices than the schedule memorialized in settlement, the court noted that the settlement reflected a fair compromise between the parties). In evaluating a settlement, the trial court should not decide the merits, or proceed from the assumption that victory is one hundred percent assured and that all claimed damages are properly recoverable. *See In re Compact Disc Litig.*, 216 F.R.D. at 211 (the role of the court is not to "second-guess" the settlement but to decide whether its overall terms are reasonable).

Nonetheless, it is notable that in this case class members will all receive a payment in excess of $1,400. Given the possibility of a number of outcomes that could result in a lesser award for Class Members if this case proceeded to trial, the Court finds that the proposed settlement reflects a reasonable compromise.

## 6. The anticipated duration and expense of additional litigation.

The complexity, expense, and duration of litigation are factors that support approval of a settlement. *See In re Corp. Litig.*, 264 F.3d 201, 231, 233 (3d Cir. 2001); *Girsh v. Jepson*, 521 F.3d 153, 157 (3d Cir. 1975) (identifying complexity, expense, and duration as one of nine factors in determining the fairness of settlement). The parties could have litigated the case to judgment and taxed the resources of the litigants and the Court. Instead, the parties elected to forgo the expense and uncertainty of continued litigation and focus their efforts on achieving a fair and adequate settlement that took the risks of further litigation into account.

### III. The Requested Attorneys' Fees and Costs are Reasonable

Awarding attorney fees as a percentage of the benefit to the class is the preferable and prevailing method of determining fee awards in class actions that establish common funds for the benefit of the class. The requested award of one-third of the common fund, inclusive of costs, is reasonable under the circumstances of this case. It is noteworthy that no class member has objected to the fees and costs sought by counsel, or to any other aspect of the settlement.

#### A. The percentage of fund method is the appropriate method for determining attorneys' fees

The common fund doctrine is one of the earliest recognized exceptions to the "American Rule" which generally requires that litigants bear their own costs and attorneys' fees. Premised on the equitable powers of the court, the common fund doctrine allows a person who maintains a suit that results in the creation, preservation or increase of a fund in which others have a common interest, to be reimbursed from that fund for the litigation expenses incurred. *Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885). "[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

Although the Fourth Circuit has not determined the preferred method for calculating attorneys' fees where the common fund has been generated on behalf of a class, nearly all circuits that have considered the issue have found that the trial court may use the percentage method. *Muhammad v. Nat'l City Mortgage, Inc.*, No. 2:07-cv-423, 2008 U.S. Dist. LEXIS 103534, at *18 (S.D.W. Va. Dec. 19, 2008); *see Goldenberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *Cook v. Niedert*, 142 F.3d 1004, 1013 (7th Cir. 1998); *In re Thirteen Appeals Arising out of San Juan DuPont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995); *In re Wash. Public Power Supply Sys. Litig.*, 19 F.3d at 1291, 1295 (9th Cir. 1994); *Gottlieb v. Barry*,

43 F.3d. 474 (10th Cir. 1994); *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993); *Longden v. Sunderman*, 979 F.2d 1095, 1099 (5th Cir. 1992); *see also In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992); *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989); *Brown v. Phillips Petroleum Co.,* 838 F.2d 451, 454, 456 (10th Cir.), *cert. denied*, 488 U.S. 822 (1988); *Camden I Condo. Ass'n*, 946 F.2d 768, 773-774 (11th Cir. 1991); *Bebchick v. Wash. Met. Area Transit Comm'n*, 805 F.2d 396, 406-7 (D.C. Cir. 1986). In fact, some circuits mandate use of the percentage of fund method. *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993); *Camden I Condo. Ass'n,* 946 F.2d at 774; *see generally* 1 Alba Conte, *Attorney Fee Awards* § 2.02 at 31 (2d ed. 1993); *Court Awarded Attorney Fees, Report of the Third Circuit Task Force ("Task Force Report")*, 108 F.R.D. 237 (1985) (Prof. Arthur R. Miller, Reporter).

District courts within the Fourth Circuit have consistently endorsed the percentage method. "Where there is a common fund in a class settlement, application of a percentage method to calculate an attorney's fee award is now favored." *Kidrick v. ABC Television & Appliance Rental*, 1999 WL 1027050 *1 (N.D. W. Va. 1999) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)); *see also Teague*, 213 F. Supp.2d at 582 ("The percentage recovery method is generally favored in cases involving a common fund."); *Goldenberger v. Marriott PLP Corp.*, 33 F. Supp.2d 434, 437-38 (D. Md. 1998) (applying the percentage method, and noting the general trend in favor thereof); *Strang v. JHM Mortgage Securities Ltd. Partnership*, 890 F. Supp. 499, 504-03 (E.D. Va. 1995) (holding that calculating fees based upon a percentage of the settlement fund "is a more efficient and less burdensome than the traditional lodestar method, and offers a more reasonable measure of compensation for common fund cases");

*Edmonds v. United States*, 658 F. Supp. 1126 (D.S.C. 1987) (finding percentage method preferable in common fund case).

The percentage method "is designed to allow courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure." *In re Prudential Ins. Co. Am. Sales Litig.,* 148 F.3d 283, 333 (3d Cir. 1998) (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.,* 55 F.3d 768, 821 (3d Cir. 1995)). In its 1985 report, the Third Circuit Task Force recommended that in the traditional common fund situation, a district court "should attempt to establish a percentage fee arrangement." *Task Force Report,* 108 F.R.D. 237, 255 (1985). Since that time, the Third Circuit has, on several occasions, "reaffirmed that application of a percentage-of-recovery method is appropriate in common-fund cases." *In re Cendant Corporate PRIDES Litig.,* 243 F.3d 722 (3d Cir. 2001) (collecting cases).

In sum, the Court concludes that there is a clear consensus among the federal and state courts, consistent with Supreme Court precedent, that the award of attorneys' fees in common fund cases should be based on a percentage of the recovery. This consensus derives from the recognition that the percentage of fund approach is the better-reasoned and more equitable method of determining attorneys' fees in such cases.

### B. The percentage requested by class counsel is fully supported by the work performed, risks taken, and results obtained.

Both state and federal courts in West Virginia recognize the presumptive reasonableness of an attorneys' fee equal to one-third of a recovery. As explained in *Eriksen Const. Co., Inc. v. Morey,* 923 F.Supp. 878, 881 (S.D. W. Va. 1996):

> The Court notes a one-third contingency fee is presumptively reasonable in West Virginia. *See Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73, 80 (1986). Nevertheless, a forty percent (40%) contingency fee is a common fee contract proviso for cases that proceed to trial.

9

*Id.; see also F.S. & P. Coal Co. v. Inter-Mountain Coals, Inc.*, 179 W. Va. 190, 366 S.E.2d 638 (1988) (a one-third attorneys fee is the "going rate" in contingency fee cases). This authority supports the requested award in this case.

Some courts also consider certain factors in analyzing the reasonableness of fees determined by the percentage of recovery method. These factors can include:

> (1) the size of the fund created and the number of persons benefited; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

*Cendant*, 243 F.3d at 733 (quoting *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1) (citations omitted). The *Gunter* Court instructed that there is no specific formula for analyzing these factors. "Each case is different, and in certain cases, one factor may outweigh the rest." *Gunter*, 223 F.3d at 195 n.1.

All of these considerations warrant an award of the requested fees and costs in this case. The fund established for Class Members is substantial, and the Class Members overwhelmingly support the settlement. Additionally, class counsel are skilled and experienced in class action litigation, and have served as class counsel in several cases.

The case involved complex technical legal and factual issues regarding Wells Fargo's loan servicing practices, application of West Virginia consumer law, and possible class certification issues. Considering the possibility of appeals, resolution of the litigation could have taken years, and counsel bore a substantial risk of nonpayment. Nonetheless, counsel accepted representation of the Plaintiff and the class on a contingent fee basis, fronting the costs of litigation. The amount of time devoted to the case also supports the requested award. Finally, the

one-third fee requested by counsel is very much in line with fee awards in similar common-fund cases. *Muhammad*, 2008 U.S. Dist. LEXIS 103534, at *23; *see, e.g.*, *Hackworth v. Telespectrum Worldwide, Inc.*, No. 3:04-cv-1271 (S.D. W. Va. 2004) (Chambers, J.) (awarding fees of one-third amount of settlement, plus costs, in WARN Act class action settlement); *Hardwick, et. al. v. Rent-A-Center*, No. 3:06-cv-00901 (S.D. W. Va. 2006) (Chambers, J.) (awarding fees of one-third amount of settlement, plus costs).

Accordingly, consideration of all of these factors supports the requested award of one-third the amount of the common fund established for the Class, inclusive of litigation costs.

### IV. The Proposed Service Award is Justified and Appropriate

Incentive or service awards reward representative plaintiffs' work in support of the class, as well as their promotion of the public interest. *See Muhammad*, 2008 U.S. Dist. LEXIS 103534, at *24. Courts around the country have allowed such awards to named plaintiffs or class representatives. *Id.*; *see, e.g.*, *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 357-58 (N.D. Ga. 1993) (awarding $142,500 to class representatives out of $50 million fund); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) (awarding $215,000 to several class representatives out of an $18 million fund). One district court has gone so far as to say that incentive awards are "routinely approve[d]." *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000). The purpose of such awards is to encourage socially beneficial litigation by compensating named plaintiffs for their expenses on travel and other incidental costs, as well as their personal time spent advancing the litigation on behalf of the class and for any personal risk undertaken. *Muhammad*, 2008 U.S. Dist. LEXIS 103534, at *25; *Varcallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 257 (D.N.J. 2005).

Had the Plaintiff not stepped forward to prosecute these claims, the rest of the class would have received nothing. The Plaintiff was interested and actively engaged in the direction of this litigation. The Plaintiff was available to counsel whenever needed. Accordingly, the proposed service award of $5,000 to the Plaintiff is justified and appropriate.

## V. Conclusion

In accordance with the foregoing analysis, the court ORDERS as follows:

1. That under Rule 23(e) of the Federal Rules of Civil Procedure, the proposed Joint Stipulation and Settlement Agreement is approved;

2. That the class representative Lori Archbold receive a service award of five thousand dollars ($5,000.00) in recognition of her service to the class;

3. That class counsel shall receive a fee of $185,166.66, inclusive of litigation expenses, which represents one-third of the Settlement Amount;

4. That the Class Claims of the Plaintiff and Class Members be released in accordance with the Settlement Agreement;

5. That all claims in the Complaint are hereby dismissed in accordance with Paragraph 1.17 of the Settlement Agreement;

6. That this Court shall retain jurisdiction over this action for the purpose of interpretation and enforcement of the Settlement Agreement, including oversight of settlement administration and distribution of settlement funds.

Under Rule 54(b), there being no just reason for delay, the Court directs entry of a final judgment as to the matters determined by this Opinion and Order.

The Clerk is requested to forward a copy of this written Opinion and Order to all counsel of record.

DATE:   7/13/15

*[Signature]*

The Hon. Robert C. Chambers
United States District Judge